# CALEDONIA COUNTY.

MARCH TERM, 1843.

*Present,* Hon. CHARLES K. WILLIAMS, *Chief Justice.*
      " STEPHEN ROYCE, .     ⎫
      " ISAAC F. REDFIELD,    ⎬  *Assistant Justices.*
      " WILLIAM HEBARD.       ⎭

---

ALDEN E. JUDEVINE *v.* ISAAC PENNOCK, Jr.

In an action on the covenants of a deed against incumbrances, in support of which the plaintiff relies on a prior mortgage of the premises by the defendant, proof that the notes, on which the mortgage was founded, were paid and taken up, will entitle the defendant to a verdict, notwithstanding the mortgage deed was not discharged on the record.

THIS was an action of covenant broken. Plea, that the defendant had kept and performed his covenants. Issue joined to the country. The plaintiff, to support the issue, on his part, read in evidence, without objection, a deed, dated September 20, 1838, containing covenants of seizin and warranty against incumbrances. The plaintiff also produced a certified copy of a mortgage deed from Pennock & Dodge to Moses and William Hutchins, dated May 17, 1834, of the same land described in the deed above named, — said mortgage was given to secure the payment of notes therein described.

The defendant then introduced evidence tending to show that the notes, described in the condition of said mortgage, had been paid and taken up previous to the 20th of September, 1838. The mortgage, it appeared, remained undischarged, and there was no evidence to show that the plaintiff knew that the notes had been paid. The said Hutchins, it appeared, resided in the state of Illinois. Under this state of facts, the plaintiff requested the court to charge the jury, that the evidence introduced by the defendant did not tend to prove the issue raised by the pleadings, and that, inasmuch as said mortgage remained undischarged upon the record, the plaintiff was entitled to recover. But the court refused so to charge ; but did charge that if the jury found the notes

CALEDONIA,
March,
1843.
———
Judevine
v.
Pennock.

described in the mortgage to have been paid, before the execution of the deed containing the covenants declared upon, although the mortgage was undischarged upon the record, the defendant was entitled to recover; to which charge the plaintiff excepted.

*J. R. Skinner,* for plaintiff,

1. The evidence of payment, had no legal tendency to prove the issue. The defendant should, in his plea, have set forth the performance, so that the plaintiff could have been prepared to rebut the evidence. A plea of general performance, when a particular breach is assigned, is bad. *Bradley* v. *Ousterhoudt,* 13 Johns. R. 404.

2. A mortgage, undischarged upon the town records, is an incumbrance. *Hoyt* v. *Swift et al.* 13 Vt. R. 129. The statute, Slade's Comp. 170, $11, points out the mode of procedure, in procuring the discharge of a mortgage, and seems to contemplate the necessity of perpetuating the evidence of payment, by a recorded discharge. R. S. 315–16.

*B. N. Davis,* for defendant.

The only question in this case is, whether the defendant, under the general issue, could give in evidence the fact of his having paid off the notes described in the mortgage, previous to the date of his deed to plaintiff. The plea was sufficient, after issue was joined to the jury, to determine whether an incumbrance existed when defendant gave his deed. The general rule is, if all the covenants in the deed are in the affirmative, the defendant may plead performance generally, but if any are in the negative, he must plead them specially. 1 Sw. Dig. 609 ; 2 Chit. Pl. 529, n. c ; do. 545, see form ; *Richardson* v. *Dorr,* 5 Vt. R. 16 ; *Potter* v. *Taylor,* 6 do. 676. The covenants declared on, being in the affirmative, the defendant, by pleading performance generally, comes within the rule. If there was any defect in the plea, it is cured by verdict. Cowen, 71 ; 1 Chit. Pl. 481.

The opinion of the court was delivered by

WILLIAMS, Ch. J. — The question in this case is, whether the evidence proved the issue on the part of the defence, and whether the decision of the court, thereon, was right.

The plaintiff, on reading the deed of the defendant and

the copy of the mortgage deed from Pennock & Dodge to Hutchins, would have been entitled to a judgment with nominal damages. It was competent for the defendant, however, to prove that the mortgage was paid off, at the time he deeded to the plaintiff.

The evidence introduced by him proved that the mortgage was paid off, and, consequently, was not an incumbrance on the land at the time he deeded to plaintiff, and this was the very question at issue. Payment extinguishes a mortgage, both at law and in equity. The charge of the court; therefore, on the pleadings and evidence, was undoubtedly correct, as the inquiry was not whether there was an *apparent* incumbrance on record at the time the defendant made the covenant declared on, but whether there was any incumbrance *in fact*.

The case of *Hoyt* v. *Swift*, 13 Vt. 129, did not present the question which arises in this case. In that case, Swift executed a note to be paid when an incumbrance was removed, and the court held, that when a party undertakes to remove an incumbrance, it should be done in the manner pointed out by the statute. Had the issue in that case been, whether there was, in point of fact, an incumbrance, undoubted proof of the payment of the mortgage money would have been satisfactory that there was no such incumbrance. The judgment of the county court is affirmed.