## Sulser *v.* Sayre.

### *Deceit.*

(Decided May 9, 1912. 58 South. 758.)

1. *Evidence; Demonstrative Evidence.*—Where the defendant had testified as to the condition of the mule on the day before the trial for deceit in selling the mule, it was not an abuse of discretion for the court to permit the jury to inspect the mule.

2. *Appeal and Error; Record; Written Instructions.*—Under section 5364, Code 1907, the Court cannot be put in error for refusing a charge which the bill of exceptions does not show was asked in writing.

3. *Same; Exceptions.*—An exception to an instruction as a whole is not sustained if any separate portion thereof is correct.

APPEAL from Blount Circuit Court.

Heard before Hon. J. T. STOKLEY, Special Judge.

Action by James Sayre against C. C. Sulser. From a judgment for plaintiff, defendant appeals. Affirmed.

Counts 1 and 2 were in the statutory form for deceit in the sale of a mule. Count 3 was in breach of warranty of contract for sale of a mule. The bill of exceptions showed that the defendant moved the court for the affirmative charge in favor of the defendant on

[Sulser v. Sayre.]

counts 1, 2 and 3, and that the court overruled the motion as to counts 1 and 2. and granted the same as to count 3. The record also shows: "The court charges the jury as follows, to wit." Then follows paragraphs numbered, respectively, from 1 to 4; but it does not appear whether these were requested charges, either given or refused, or whether they were exceptions to the oral charge of the court, made in the proper way.

JAMES KAY, for appellant. Under the evidence in this case, the defendant was entitled to the general affirmative charge.—*Scott v. Holland,* 132 Ala. 389; *Jordan & Sons v. Pickett,* 78 Ala. 331. The court erred in giving charge 3.—*East v. Worthington,* 88 Ala. 537; *Jordan & Sons v. Pickett, supra._ The court erred in permitting an inspection of the mule by the jury.

A. O. STEELE, for appellee. There was sufficient evidence to require a submission to the jury, and the court did not err in refusing the defendant the affirmative charge. Charge 3 was properly given.—*Jordan & Sons v. Pickett,* 78 Ala. 331; *Monroe v. Pritchett,* 16 Ala. 785; *Moncrief v. Wilkinson,* 93 Ala. 371; *Whitworth v. Thomas,* 93 Ala. 408. There was no abuse of discretion in permitting the jury to view the mule, especially when the testimony of the defendant is considered.

WALKER, P. J.—It is not made to appear that there was any abuse by the court of its discretion in permitting the jury to repair to an adjacent lot for the purpose of inspecting the mule in the sale of which the defendant was alleged to have practiced deceit, especially in view of the fact that the defendant had testified as to the condition of the mule on the day before the trial.—Jones on Evidence, § 399; 38 Cyc. 1313.

Following the statement that "the court charges the jury as follows" the bill of exceptions sets out four numbered paragraphs, which are supposed to embrace the whole or parts of the court's oral charge to the jury. This quotation is followed by the statement that "the giving of the above charge was duly excepted to by the defendant." Whether this exception is construed as referring to the whole of what is set out as the court's charge to the jury, or only to the last-numbered paragraph of the charge, it cannot be sustained. In the course of the charge a number of propositions are stated, as to the correctness of which no question is made, or could with any plausibility be made. An exception to a charge as a whole is unavailing, if it embodies any separate proposition which is free from error.—*Sims v. State,* 146 Ala. 109, 41 South. 413. It is not claimed in argument that the court erred in any statement contained in the last numbered paragraph of the charge. There was no separate exception to the part of the charge to which the appellant now imputes error. For the reasons suggested, the single exception reserved by the defendant to the charge of the court is unavailing to present for review the part of the charge of which complaint now is made.

Affirmed.