(128 So. 452)

### RUSSELL v. BELSHER et al.
### 6 Div. 459.

Supreme Court of Alabama.
April 17, 1930.

Rehearing Denied June 5, 1930.

Henry Upson Sims and Shaffer B. Blake, both of Birmingham, and Thos. F. Seale, of Livingston, for appellant.

Altman & Koenig, of Birmingham, for appellees.

**SAYRE, J.**

Appellant brought this action against appellees to recover damages for alleged breaches of covenants in the conveyance of a 40-acre tract of land in Choctaw county, that is, a conveyance of the standing timber on the tract. The case went to the jury on two counts of the complaint, count 1 charging a breach of the covenant of seisin, count 2, a breach of the covenant of a right to convey. Plaintiff's deed contained the covenants alleged. Plaintiff's evidence disclosed an outstanding conveyance by one Gray, or his personal representative, to the Allison Lumber Company at the time of the conveyance to him and tended to show an adverse holding by that company's grantor for ten years or more before it acquired color of title; that for defendants tended to show a title in themselves by adverse possession at and before the time of their conveyance to plaintiff. The evidence, without dispute, went to show that plaintiff, after being apprised by the lumber company of its claim to the timber, then uncut, voluntarily yielded possession to it. Verdict went for defendants, and the assignments of error on this appeal are based upon plaintiff's exceptions to designated parts of the court's oral charge to the jury and the refusal of charges in writing requested by him.

The court instructed the jury in its oral charge that "when an action is brought by a grantee against the grantor for a breach of the covenant of seisin the defendant has the burden of proof to show that the title he has transferred is good and valid. This rule is founded on the reason that the defendant is supposed to know the state of the title, and the plaintiff has the negative until the defendant shows affirmative title on his part; but if the grantee yields to a paramount outstanding title before it has been judicially established he then has the burden of proof when attempting to recover from his covenantor and shall clearly establish the adverse title which he thus recognized. Where he yields without a contest or resistence he must take upon himself the burden of showing that the title which he yielded to was paramount."

Other propositions of law, or rather the same proposition in somewhat different forms, are shown by the assignments of error which are set out in the report of the case. Appellant correctly states, in effect, that a single question of law is raised by his appeal, viz.: On whom rests the burden of proof in an action based upon an alleged breach of covenant of seisin or good right to convey? Appellant's contention is that it rests upon the defendant grantor. The trial court, as the charge copied above discloses, instructed the jury—as we read the charge to mean and as consideration of the other charges assigned for error show it did intend—that if the grantee (plaintiff) yielded to a claim of paramount outstanding title before that claim had been judicially established, as the evidence showed without dispute he did, he thereby assumed the burden of proving that the title to which he yielded was paramount. In other words, to state the issue with regard to the concrete case presented by the record, the court charged the jury that plaintiff grantee could not recover unless he had reasonably satisfied the jury that the right and title to which he yielded had been established by an adverse possession of ten years or more by Gray under whom the Allison Lumber Company claimed title.

It is well settled, as this court said in Anderson v. Knox, 20 Ala. 161, that a covenant of seisin is broken as soon as made, if the covenantor had no title to the estate granted. So with respect to the covenant as to the

right to convey, the equivalent, in most cases, of the covenant of seisin. 2 Devlin on Deeds (3d Ed.) § 893. From the language used we infer that the trial court, when formulating and acting upon the charges shown by the assignments of error, followed the text of sections 892 and 925 of Devlin on Real Estate (or Devlin on Deeds (3d Ed.), combining the two in one formula. In the first-mentioned section it is said: "When an action is brought by a grantee against the grantor for a breach of the covenant of seisin, the defendant has the burden of proof to show that the title he has transferred is good and valid. This rule is founded on the reason that the defendant is supposed to know the state of the title, and the plaintiff has the negative until the defendant shows affirmatively title on his part. It would follow from this rule that in the absence of evidence on either side, the plaintiff would be entitled to recover."

Considering the demurrer to a count charging a breach of the covenant of good right to convey, the equivalent of a covenant of seisin, the court in Copeland v. McAdory, 100 Ala. 556, 13 So. 545, 546, said: "The grantor is presumed to know the estate of which he was seised; the fact is peculiarly within his knowledge, and he must plead and prove it." The trial court in this case in the forepart of the charge we have heretofore set out, followed the law as stated in Devlin on Real Estate and by this court in Copeland v. McAdory.

■ But the court went astray in the afterpart of its charge for the reason that the law of that part of the charge was apposite only to a complaint charging a breach of the covenant of quiet enjoyment and of warranty which, as the court said in the last-mentioned case, are practically identical in operation, so that whatever constitutes a breach of one is a breach of the other. Of a complaint charging a breach of this last-mentioned sort Chief Justice Stone said in Copeland v. McAdory, supra: "An eviction, actual or constructive, of the whole or a part of the premises, is an essential constituent of the breach. But it is not intended that there must be an eviction by legal process. If there is a hostile assertion of an irresistible, paramount title, the grantee may yield to it, not awaiting suit and judgment. If he yields, it is at his peril, and he takes upon himself, in an action for a breach of the covenant, the burden of proving the title really paramount"—citing Tiedeman on Real Property, § 855. A like statement of law is found in section 925 of Devlin on Real Estate (3d Ed.): "If the purchaser refuses to yield possession to the paramount title until it has been established by a judgment, and the covenantor has been properly notified of the suit, then the validity of the paramount title is conclusively shown by the judgment or decree when introduced in evidence. But if he elects to yield to the [adverse claim of] paramount title before it has been judicially established, he does so at his peril. He has, in such a case, the burden of proof when attempting to recover from his covenantor, and must clearly establish the adverse title which he has thus recognized. [While he is not bound to contest when the contest would be hopeless, or resist where resistance would be wrong, yet always where he yields without a contest or resistance, he must take upon himself the burden of showing that the title was paramount, and that he yielded the possession to the pressure of that title. Whenever he does yield quietly, he does so at his peril." In the latter part of the charge under inquiry the trial court went afield to the statement of a rule of law not involved by the complaint which, as we have said, counted on breaches of the covenants of seisin and good right to convey only, thereby importing into the case and giving weight to an immaterial issue and imposing upon the plaintiff appellant a burden of proof which, under the complaint, should have been carried by the defendants.

If anything to the contrary is thought to have been intended in Perry v. Marbury Lumber Company, 212 Ala. 542, 103 So. 580, that supposed conflict is due to the fact that the allegation of the complaint in that case was that plaintiff had yielded to an outstanding paramount title, wherein the complaint in that case differed from the complaint in this.

■ Nor can the giving of the charge here in question be justified or excused on the ground that it asserted a correct proposition of law as well as an incorrect proposition. The two propositions were so connected as that the jury could not be expected to separate them. As matters of law and fact they were associated in the charge in such wise that they could not be assigned to their appropriate spheres of influence by any one not learned—or required and therefore expected to be learned in a highly technical branch of the law. Sulser v. Sayre, 4 Ala. App. 452, 58 So. 758, cited by appellees to the proposition that where the instruction is good in part and in part bad, an exception to the whole is unavailing, was a case in which the appellant had excepted to the whole of the court's oral instruction involving in most cases more than one proposition of law. Of course, in a case of that sort, each exception must be directed to a separate proposition of the charge. Nor do we think that the authority of Birmingham Waterworks v. Justice, 204 Ala. 547, 86 So. 389, can suffice to avoid error in the present case. So much of the decision in that case as is shown by the fourth headnote, if sound in any case, cannot avail to avoid a reversal in this case for the reason that there the charge related to different elements of assessable damage, whereas in the present case

the charge in question contained propositions of law each of which went to the entire right of recovery.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.