This is a suit upon the covenant against encumbrances contained in a warranty deed. Summary judgment was rendered in favor of plaintiffs as to liability of the *Page 491 
defendant. The issue of damages due plaintiffs from defendant was tried to a jury. Defendant filed a third party complaint. Verdict and judgment were in favor of plaintiffs and against defendant for $1,750. Verdict and judgment for $875 were entered in favor of plaintiffs against third party defendant. Both defendants appeal. The dispositive issue is whether plaintiffs were due summary judgment as to liability of defendant and judgment for damages. We reverse.
The affidavits for and against summary judgment for plaintiffs, together with the complaint, pleadings and exhibits thereto, show without dispute that on August 22, 1973, defendant executed and delivered a warranty deed to plaintiff as a result of a sale of certain real estate. Plaintiffs at the same time assumed certain mortgages then outstanding against the property. Plaintiffs went into possession of the property and remained peaceably thereon until on or about June 8, 1977. At that time plaintiffs entered into an agreement to sell the property and pending such sale, gave possession to the prospective purchaser.
Title examining attorney for the purchasers or their financing agency, upon examining the mortgage records at the Autauga County Court House, found a mortgage upon the property dated in 1969, unsatisfied of record and not excepted from the warranty deed from defendant to plaintiffs. The purchasers or their financing agency did not complete the purchase because of the unsatisfied record even though defendant informed the agency's examining counsel that the mortgage had been paid in full prior to execution of the deed to plaintiffs. Plaintiffs subsequently filed suit claiming breach of warranty for a defective title because of the unsatisfied record. Defendant thereafter obtained an affidavit of satisfaction from the mortgage.
We have said plaintiffs were granted summary judgment against defendant upon the issue of liability for breach of warranty due to a defect in the title of defendant. Rule 56 (c) ARCP provides that summary judgment is to be entered when there is no genuine issue as to any material fact and that the moving party is entitled to judgment upon those facts as a matter of law. Imperial Group, Ltd. v. Lamar Corporation, 347 So.2d 988
(Ala. 1977). There is no dispute as to the material facts. We have set them out above. Defendant did execute a warranty deed. There was an absence of satisfaction shown on a recorded mortgage. That mortgage was in fact satisfied. However, accepting the truth of these facts, were plaintiffs entitled to judgment as a matter of law? We find they were not.
Defendant's liability and obligations to the plaintiffs arise from the covenants contained in the warranty deed. The language of the deed is that generally contained in a warranty deed in Alabama. Such a deed is considered to encompass five covenants. LeMaistre, George A. Legal Aspects of Real Estate Transactions, University of Alabama 1971, at 109. The covenants of seisin and the right to convey are basically the same and mean that the grantor owns the estate which he proposes to convey. Russell v.Belsher, 221 Ala. 360, 128 So. 452 (1930); Mackintosh v.Stewart, 181 Ala. 328, 61 So. 956 (1913). These covenants are broken at the time of conveyance if the grantor does not have good title. Wolff v. Woodruff, 258 Ala. 1, 61 So.2d 69 (1952). There is no claim that defendant did not in fact own the fee simple to the property. Therefore the covenants of seisin and right to convey are not in issue in this case.
The covenants of general warranty to defend the title of grantee and his successors against the lawful claims of all persons are in substance those for possession and quiet enjoyment. They are not broken so long as the grantee's enjoyment and possession are not interfered with. Chicago,Mobile Development Co. v. G.C. Coggin Co., 259 Ala. 152,66 So.2d 151 (1953). Plaintiffs have suffered no eviction or disturbance of possession. They have suffered no breach of these covenants.
The remaining of the five covenants is that against encumbrances. A covenant *Page 492 
against encumbrances is a stipulation by the covenantor that there are no outstanding rights or interests to the estate conveyed that will diminish the value, but which are consistent with the passage of the fee. 20 Am.Jur.2d Sec. 81, Covenants,Conditions, Etc. An existing mortgage would be an encumbrance. If such covenant is broken, it is broken at the time it is made, and a cause of action arises at that time and does not pass to any subsequent grantee. Chicago, Mobile Development Co.v. G.C. Coggin Co., supra. It is not broken however, unless the alleged outstanding encumbrance is valid, legal and subsisting. 5 A.L.R. 1086. A paid mortgage, although unsatisfied of record, is not an encumbrance within the meaning of the covenant.Judevine v. Pennock, 15 Vt. 683; Boulware v. Mayfield, Fla.App., 317 So.2d 470 (1975).
It is clear that liability of defendant under the covenants contained in the warranty deed could not arise under any of the covenants when there was in fact no defect in its title which could result in an eviction, either actual or constructive or which did not in fact diminish the interest which was conveyed to plaintiffs. A mortgage which was in fact paid, though not satisfied of record by the mortgagee, could never be a legal basis for an action for breach of general warranties. There was no covenant nor warranty contained in plaintiffs' deed which has been breached.
The doctrine of caveat emptor generally is applicable to the sale of real estate in this state. Except in cases of fraud, the only protection of title afforded a purchaser is in the covenants contained in the deed. Cochran v. Keeton, 47 Ala. App. 194, 252 So.2d 307 (1970), aff'd, 287 Ala. 439, 252 So.2d 313
(1971).
For the reason that under the undisputed facts plaintiffs could not recover as a matter of law, the grant of summary judgment against defendant must be set aside. For the same reason, summary judgment in favor of defendant should have been granted. However, we find no issue addressed to that failure in the appeal. We therefore reverse and set aside summary judgment on the issue of liability entered in favor of plaintiffs. It follows that the verdict and judgment against defendant as to damages and the verdict and judgment against third party defendant must also be reversed and set aside. Reversed in all aspects and remanded.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.