The plaintiff sued the defendant on an open account. After a response by defendant and other proceedings a judgment was entered against the defendant. The defendant thereafter filed a rule 59, A.R.Civ.P., motion to vacate the judgment. The defendant's motion was denied by the learned and distinguished trial judge and she appeals.
The dispositive issue is whether the trial court abused its discretion in failing to vacate the judgment. We find such abuse of discretion as to require reversal and reverse and remand.
It is not necessary to set out in detail the facts surrounding this appeal. The pertinent facts are as follows:
The plaintiff sued the defendant. The defendant filed a motion to dismiss the plaintiff's complaint. The case was then transferred from Morgan County to Lawrence County. The case was continued upon request of defendant.
Thereafter, on February 5, 1982, a motion docket was held for the Lawrence County Circuit Court. Defendant and/or her attorney were notified of this setting. Neither the attorney nor the defendant appeared at the February motion docket. Apparently, the defendant's motion to dismiss was denied at this time and without dispute the case was set for trial on March 23, 1982.
It is undisputed that neither the attorney nor the defendant received notification of the trial date. On March 23, 1982, the case proceeded to trial without the presence of defendant or her attorney and, on March 24, 1982, a judgment was entered against defendant.
Within thirty days after the judgment the defendant filed what is considered a rule 59 motion to vacate the judgment. In this motion, defendant's attorney alleged he had not received notice of the trial date as required by the rules of civil procedure.
A hearing was held on defendant's motion and the motion was thereafter denied. From this denial, defendant appeals.
It is clear that the granting or denying of a rule 59 motion rests largely in the discretion of the trial court. Sangster v.Sangster, 366 So.2d 1136 (Ala.Civ.App. 1979). However, such action by the trial court is subject to review at the appellate level and the trial court's action may be reversed where a legal right was abused and the record plainly and palpably shows the trial court is in error. Robertson Banking Co. v.Ebersole, 331 So.2d 278 (Ala. 1976).
We note that defendant's attorney is an "out of county" attorney, to wit, the case was tried in Lawrence County; the attorney is of Morgan County. The same attorney represented defendant from the initial pleading through this appeal.
Rule 40 (b), A.R.Civ.P., provides as follows:
 "(b) Notice. The clerk forthwith and, in no event more than 3 days after a case has been placed on the trial docket, shall notify all out of county attorneys of record by personal service, or by mailing a letter or by mailing a copy of the docket of the court."
In this instance, it is without dispute that the out of county attorney was not notified of the trial date pursuant to rule 40 (b). It is equally without dispute that within thirty *Page 491 
days of a judgment being granted against the defendant, the out of county attorney's client, the defendant, filed the appropriate motion to vacate the judgment.
This court does not believe the motion docket hearing in February is sufficient to obviate the requirements of rule 40 (b). It is noted that rule 78, A.R.Civ.P., allows under certain conditions a trial court to deny motions to dismiss without oral hearings, etc.
None of the three methods of notification specified in rule 40 (b) was complied with, i.e., there was admittedly no notice by personal service, by mailing a letter or by mailing a copy of the docket of the court, after the case was placed on the trial docket. The committee comments to rule 40 (b) state that rule 40 (b) "clearly places the duty upon the clerk to give prompt notice of a setting to all out of county attorneys."
The Alabama Supreme Court in discussing a prior statute concerning the notification of out of county attorneys of a trial date stated as follows:
 "`Section 9487 of the Code is not a mere mirage to be dissolved into nothingness. . . . It is mandatory in its terms, and serves a useful purpose. . . . If a litigant may not rely upon the statute, then the statute has no field of operation, serves no useful purpose. While the Legislature was under no obligation to make provision for such notice as is prescribed by this statute, nevertheless it has done so, and in so doing has made it a part of due process of law.'"
Timmerman v. Martin, 234 Ala. 622, 623, 176 So. 198, 199
(1937).
While some of the supreme court language may not be appropriate in light of our present rules and otherwise might be somewhat harsh, certainly the theme of the above quoted language is worthy of note and consideration. The clear import of the language in Timmerman v. Martin, supra, is that litigants may rely on the rule which requires notice to the out of county attorney.
In view of the facts of this case, the language of rule 40 (b), and the timeliness of defendant's rule 59 motion, the trial court abused its discretion in failing to vacate the judgment and to thereby allow a trial where both parties upon proper notice can, if they desire, present evidence.
This case is due to be reversed and remanded for entry of a judgment not inconsistent with the above.
REVERSED AND REMANDED.
All the Judges concur.