Homer Lockhart appeals from two orders of the trial court: one vacating a prior order granting Lockhart's motion for voluntary dismissal without prejudice, and the other entering summary judgment in favor of the defendants, Phenix City Investment Company and F. Porter Knowles. We affirm in part, reverse in part and remand.
Lockhart filed a complaint in Russell County Circuit Court against Phenix City Investment Company, F. Porter Knowles, and Larry W. Roney for breach of covenants of warranty in a deed and for fraud. By stipulation of the parties, Roney was dismissed. The remaining defendants filed an answer and a motion for summary judgment.
On the day of trial, Lockhart moved the court for a voluntary dismissal without prejudice. The trial court granted the motion. The defendants responded immediately by making a "motion for dismissal with prejudice" (in reality a motion to vacate the judgment; see discussion, infra) on the grounds that the defendants were ready for trial and a jury was sitting. Two days later, the trial court vacated its prior order granting Lockhart's motion for voluntary dismissal without prejudice, and ordered Lockhart to show cause why "this cause should not be reinstated or summary judgment or motion to dismiss with prejudice be granted." A show cause hearing was held three weeks later. Soon after, the trial court entered summary judgment in favor of the defendants.
The "motion for dismissal with prejudice" made by the defendants was misdescribed at trial as a Rule 60 (b), Ala.R.Civ.P., motion. Since this motion was made the very day the judgment of dismissal was entered, and therefore was within 30 days of a final judgment, this Court on appeal will treat it as a Rule 59 (e) motion to alter, amend, or vacate the judgment. City of Birmingham v. City of Fairfield,396 So.2d 692 (Ala. 1981). Our review of the trial court's vacation of its prior judgment is thus limited to whether the trial court abused its discretion. Coker v. Farmer's Mutual Exchange,425 So.2d 489 (Ala.Civ.App. 1983).
Abuse of discretion by a trial court in granting a Rule 59 (e) motion can be found only where a legal right was abused and the record plainly and palpably shows the trial court was in error. Coker, supra. Nothing in the record of this case indicates that a legal right of Lockhart's was abused, nor does the record reveal any plain and palpable error on the part of the trial court. We therefore hold that the trial court did not abuse its discretion by vacating its prior order of dismissal without prejudice.
Having so held, we next must consider whether the trial court's entry of summary judgment was proper. Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56 (c), Ala.R.Civ.P.
The pleadings and affidavits filed in this case reveal the following facts:
Lockhart agreed to purchase a parcel of real property located in Phenix City from Phenix City Investment Company. On February 2, 1981, a warranty deed conveying title to the property was executed by Phenix City Investment Company to Lockhart. This deed contained the following covenants of warranty:
 "And, we do for ourselves and for our heirs, executors, administrators and assigns, covenant with the said Grantee, his heirs and assigns, that we are lawfully seized in fee simple of said premises; that they are free from all encumbrances, *Page 1355 
unless otherwise noted above; that we have a good right to sell and convey the same as aforesaid; that we will and our heirs, executors, administrators, and assigns, shall warrant and defend the same to the said Grantee, his heirs and assigns, forever, against the lawful claims of all persons."
At the same time, Lockhart signed a note payable to Phenix City Investment Company in the principal amount of $18,000, payable in monthly installments. As security for this note, he executed a purchase money mortgage on the real property. This statement appeared on the mortgage: "This is a second mortgage subject to the first mortgage executed to the American Federal Savings and Loan Association of Columbus, Georgia." Lockhart claims to have signed the mortgage without having read this statement.
Several days after the execution of the documents, Lockhart was given a copy of a letter dated February 2, 1981, from American Federal Savings and Loan Association of Columbus, Georgia (now Georgia Federal Savings and Loan Association), to Phenix City Investment Company indicating that a minimum of $16,000 was required to be paid to release the property from the prior mortgage to American Federal Savings and Loan. Lockhart insisted that Phenix City Investment Company obtain a release of the property from this prior mortgage.
In April of 1982, since the prior encumbrance was still outstanding, Lockhart stopped making payments on the property. On July 26, 1983, Phenix City Investment Company demanded payment of its mortgage and note from Lockhart. When Lockhart failed to pay, Phenix City Investment Company foreclosed on the mortgage.
Lockhart sued for breach of covenants of warranty in the deed and for fraud. Summary judgment was proper as to the fraud claim, because it was barred by the statute of limitations. Lockhart discovered the circumstances underlying his claim of fraud when he received the copy of the letter that American Federal Savings and Loan had sent to Phenix City Investment Company regarding satisfaction of the prior encumbrance. He saw that letter "several days" after February 2, 1981. He did not file his complaint until September 13, 1984, more than three years after the discovery of the alleged fraud; thus, his claim of fraud is time-barred. See § 6-2-39 and § 6-2-3, Code 1975.[1]
On the other hand, however, summary judgment was improperly entered as to Lockhart's claim for breach of covenants of warranty in the deed. Although Lockhart was given notice of the prior encumbrance when he signed his mortgage, such notice is not sufficient to overcome the covenant in the deed which warranted that there were no encumbrances on the property. A covenant of freedom from encumbrances, like a covenant of seizin and good right to convey, is a covenant in praesenti, and is broken as soon as made if there is an outstanding prior encumbrance diminishing the value of the property conveyed; and knowledge of the encumbrance at the time of the covenant does not bar the right of the covenantee, because such covenants are taken as indemnity against known, as well as unknown, encumbrances. Colsen v. Harden, 141 So. 639, 224 Ala. 665
(1932). Therefore, Lockhart's claim for breach of covenant of warranty is not precluded as a matter of law. We reverse and remand for further proceedings as to this claim.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.
[1] Section 6-2-39, the one-year statute of limitations, was repealed effective January 9, 1985, and the actions governed by it were transferred to § 6-2-38, the two-year statute. See Act 85-39, Alabama Acts, Second Extra Session 1984-85. Act 85-39 also extended the fraud "saving clause" of § 6-2-3 from one year to two years. These amendments have no effect on this case, however. *Page 1356