This case is before us on three certified questions, pursuant to Rule 18, A.R.App.P., from the United States District Court for the Middle District of Alabama. The questions involve damages for the breach of a covenant against encumbrances contained in a warranty deed.
The district court submitted the following statement of facts with its questions:
 "This case is a breach of the warranty of title claim brought by the purchaser of land [Homer Lockhart] against the seller/warrantor [Phenix City Investment Company]. The plaintiff originally brought an action in the Circuit Court of Russell County, Civil Action No. 84-129, which was dismissed on defendant's motion for summary judgment. Plaintiff appealed to the Alabama Supreme Court, Lockhart v. Phenix City Investment Co., 488 So.2d 1353 (Ala. 1986). The Supreme Court affirmed in part, reversed in part, and remanded. The reversal was on the basis that breach of warranty of title is a breach in praesenti and therefore plaintiff was entitled to damages.
 "On remand, plaintiff took a voluntary dismissal and refiled in the United States District Court for the Middle District of Alabama. Jurisdiction was based on diversity of citizenship. Plaintiff contends that he had spent $35,000.00 on repairs to the property after purchase and prior to foreclosure. The reasonable value of the improvements has been in sharp dispute. At the time of foreclosure, plaintiff had paid $4,654.12 in mortgage payments. The undisputed evidence is to the effect that the property was sold to plaintiff for $20,000.00 and was resold after repairs, improvements and foreclosure for $21,200.00. Of plaintiff's mortgage payments, $2,143.19 was on principal and $2,510.93 was on interest.
 "In its opinion the Supreme Court of Alabama stated that Lockhart had notice of the prior encumbrance when he signed his mortgage, but 'such notice is not *Page 50 
sufficient to overcome the covenant in the deed which warranted that there were no encumbrances on the property. . . . [K]nowledge of the encumbrance at the time of the covenant does not bar the right of the covenantee, because such covenants are taken as indemnity against known, as well as unknown, encumbrances.' 488 So.2d at p. 1355.
 "Lockhart ceased paying on his mortgage to the seller after he had paid $4,654.12 over a period of many months. His seller, who had given him the warranty deed, foreclosed after unsuccessful efforts to get Lockhart to resume payments. The seller was making the mortgage payments on the prior encumbrance.
 "QUESTIONS TO BE CERTIFIED TO THE ALABAMA SUPREME COURT:
 "1. What damages may Lockhart recover for the breach of the warranty?
 "(a) Is he entitled to recover only nominal damages since he knew of the other encumbrance at the time he accepted the warranty deed? (b) Is he entitled to recover all payments, including interest, which he paid on his mortgage? (c) Is he entitled to recover the reasonable value of any improvements made by him on the property? (d) Is he entitled to recover the reasonable value of the property at the time the seller foreclosed?
 "2. Can defendant argue in defense or in mitigation of plaintiff's damages that the breach of warranty was not the reason for the foreclosure; hence, should damages for the breach of warranty exclude damages arising out of the foreclosure?
 "3. Since the Supreme Court of Alabama has said that plaintiff's knowledge of the prior encumbrance is not a defense to the breach of the warranty of title, can defendant present the argument that such knowledge should be considered in mitigation of plaintiff's damages?"
 Question 1
As a general rule in Alabama, only nominal damages can be recovered upon a breach of a covenant against encumbrances, unless the covenantee has removed the encumbrance, his possession has been disturbed, or his use and enjoyment of the land has been interfered with by reason thereof. McShan v.Kilpatrick, 215 Ala. 185, 110 So. 281 (1926); Alger-SullivanLumber Co. v. Union Trust Co., 218 Ala. 448, 118 So. 760
(1928). See, generally, 20 Am.Jur.2d Covenants, Conditions,etc., § 138 at 695 (1965).
The rationale for this rule is that the covenantee may never be disturbed by the encumbrance constituting the breach, and the covenant against encumbrances is one of indemnity. Therefore, until the covenantee has been evicted by the encumbrance holder or has satisfied the encumbrance, there is nothing for which the covenantor can be called upon to indemnify the covenantee.
This general rule, however, is inapplicable where a covenantee has suffered a breach of a covenant against encumbrances and the covenantor, after receiving part payment, forecloses the mortgage and bids in the property at an amount sufficient to cover the covenantee's indebtedness. In Smith v.Birmingham Realty Co., 208 Ala. 114, 94 So. 117 (1922), the grantor breached the covenant against encumbrances and the grantee brought an action seeking damages for the breach. The Court found that the covenant had been breached. It then went on to say:
 "About two years after the deed to plaintiff, defendant foreclosed a mortgage given by plaintiff to secure a balance due on purchase money and a building loan and bid in the property at a sum to cover plaintiff's total indebtedness, but not the amount plaintiff paid on the purchase price of the lot. On these facts appellee argues that plaintiff has suffered nominal damages only. But this process does not account for the loss which plaintiff has incurred by reason of her payments on the lot nor negative the fact that, had the title been free of incumbrance, the property, at its unincumbered value, would have brought enough *Page 51 
to reimburse plaintiff. We find no merit in this contention."
208 Ala. at 117, 94 So. at 119.
Under these facts, therefore, Lockhart is entitled to receive as damages the amount of principal and interest paid to Phenix City Investment Company, totaling $4,654.12.
The value of improvements made by the covenantee after the purchase, and consequential damages, are not recoverable in an action based on breach of warranty against encumbrances.Copeland v. McAdory, 100 Ala. 553, 13 So. 545 (1892); Clark v.Cypress Shores Development Co., 516 So.2d 622 (Ala. 1987). Nor is the covenantee entitled to recover the reasonable value of the property at the time of foreclosure. See, Clark v. CypressShores Development Co., supra.
 Question 2
Accordingly, the defendant (in answer to question 2) can argue in defense or in mitigation of the plaintiff's damages that the breach of warranty was not the reason for the foreclosure, but damages for breach of warranty do not exclude damages arising out of the foreclosure. The plaintiff is entitled to be made whole. Smith, supra.
 Question 3
The covenantee's knowledge of an encumbrance can not be argued by the covenantor to mitigate the damages proven by the covenantee.
The covenantee's knowledge of an encumbrance is of no consequence in an action for breach of a covenant. Knowledge, or notice of an encumbrance, however full, does not impair the covenantee's right of recovery upon covenants against encumbrances, for the covenants are executed for the protection and indemnity against known and unknown encumbrances.Copeland v. McAdory, supra; Mackintosh v. Stewart, 181 Ala. 328,61 So. 956 (1913).
To hold otherwise would, in effect, negate the well-established rule of law that the purchaser's knowledge of a prior encumbrance is not a defense to an action for the breach of the covenant.
QUESTIONS ANSWERED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.