MADDOX, Justice.
The trial court, on a motion for summary judgment filed by a third-party defendant, entered a summary judgment in favor of the plaintiffs on the ground that $500 paid into court for land survey costs and a corrected deed were all the plaintiffs were entitled to receive. The plaintiffs contended in the trial court, and here, that they were entitled to maintain their fraud and misrepresentation action against the original defendant. We agree.
The original action grew out of a dispute over a boundary line. The tendencies of the evidence are as follows: In 1983, during negotiations to buy a house and land in Lee County, Alabama, the Pattersons, the plaintiffs below and appellants here, asked the defendant, Gladys A. Hamby Brown, the seller, to show them where the property lines were on the subject property they were negotiating to purchase. Brown and the Pattersons went outside, and Brown pointed out the property’s boundaries. Brown represented to the Pattersons that the north boundary line of the property was “from the creosote post in the front yard to the apple tree on the side of the house to the cedar tree in the left rear of the house.” From Brown’s representations, the Pattersons said they felt secure that the house they were negotiating to purchase was squarely on the land they were negotiating to purchase. The northern boundary of the property, as represented by Brown, ran beside land owned by Joe Arrington, Brown’s grantor. Knowing the land had been surveyed before Arrington’s conveyance to Brown, the Pattersons did not have the land surveyed again. Based on Brown’s representations, the Pattersons agreed to, and did, purchase the house and surrounding land. They paid Brown $7,000 and executed a note and mortgage to Brown for $10,000, payable over 10 years.
In 1989, the Pattersons built a “pole barn” for storing hay and sheltering cattle somewhere near what they thought was the northern boundary of their property. After the barn was completed, Arrington informed the Pattersons that the barn was on his land. Arrington demanded that the Pattersons tear down the barn. After removing the barn, the Pattersons hired a surveyor to survey the property. The surveyor told the Pattersons that he could not make the property lines set out in their deed “close.” The Pattersons then consulted an attorney who had another surveyor do an informational survey to determine what would be required to close the property lines. The Pattersons sued Brown soon thereafter, alleging fraud or misrepresentation, breach of contract, and breach of covenants of title. They also sought specific performance.
Brown filed an answer in which she pleaded the general issue, and she filed a third-party complaint impleading Arring-ton. Arrington filed a third-party answer and interpleaded into court a corrected deed[1] and $500, ostensibly to pay for the *643 cost of the second survey. Arrington then filed a motion for summary judgment. Considering an affidavit from Arrington, a counter-affidavit from James Patterson, the pleadings, and the original and corrected deeds, the trial court entered a summary judgment for the Pattersons. The trial court found that the interpleaded deed and money constituted an offer of judgment; that “[t]he plaintiffs could be entitled to nothing further on the trial of this matter”; and that there were, therefore, no genuine issues of material fact. The court entered a judgment for the Pattersons for $500 and ordered that they receive the corrected deed.[2] Further, the court taxed the costs of the suit against the Pattersons for refusing to accept the “offer of judgment.” The Pattersons appealed to this Court.
Our review of a summary judgment is de novo. Tolbert v. Gulsby, 333 So.2d 129 (Ala.1976). The two-tiered standard of review has been repeatedly stated: For a summary judgment to be proper, 1) there must be no genuine issue of material fact, and 2) the movant must be entitled to a judgment as a matter of law. Ala.R.Civ.P. 56(c), Tripp v. Humana, Inc., 474 So.2d 88 (Ala.1985). Further, on review of a summary judgment we must view all the evidence in a light most favorable to the non-movant and we must entertain all reasonable inferences from the evidence in favor of the nonmovant. Fincher v. Robinson Bros. Lincoln-Mercury, Inc., 583 So.2d 256 (Ala.1991), See, also, Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala. 1990).
The movant must make a prima facie showing that there are no genuine issues of material fact and that he is entitled to a judgment as a matter of law. Fincher, 583 So.2d at 257. If this showing is made, the burden then shifts to the nonmovant to rebut the movant’s prima facie showing by “substantial evidence”[3] to create a genuine issue of material fact.
We have reviewed the original complaint, the third-party complaint, the answer to the third-party complaint, Arring-ton’s summary judgment motion and supporting affidavit, and James Patterson’s affidavit in opposition to Arrington’s motion for summary judgment, and we conclude that the trial court did not err in entering the summary judgment for Ar-rington on Brown’s third-party complaint based upon the Pattersons’ Count I (misrepresentation), Counts II and III (breach of contract), Count IV (specific performance), and Count V (breach of warranty of title). We agree, however, with the Patter-sons’ argument that the trial court should not have entered a judgment for the defendant, Gladys A. Hamby Brown. Based on the record before this Court, we conclude that a summary judgment would be inappropriate as to some, if not all, of the claims against Brown.
*644 Based on the foregoing, we affirm the judgment as it applies to Arrington, reverse the judgment as it applies to Brown, and remand the cause for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.

. Arrington seems to have used the informational survey line to execute the corrected deed. The Pattersons do not agree that the corrected deed sets out the correct boundary; they contend, rather, that the boundary represented to them by Brown is the correct one. This issue will be resolved below, of course, by a jury determination on the Pattersons’ fraud allegations.

. The trial court’s order states in full:
“This matter came on for consideration this day on Motion for Summary Judgment. It was submitted on affidavits and other exhibits.
"Prior to the date of trial, the Defendants ‘interpleaded’ into the Court the sum of $500.00 for a survey and also ‘interpleaded’ a deed of correction. The Court construes the purported interpleaders as offers of judgment. Having carefully considered the exhibits tendered in support of the Motion for Summary Judgment, the Court finds that the judgment as offered constitute[s] full and complete recovery by the Plaintiffs as a matter of law. The Plaintiffs could be entitled to nothing further on the trial of this matter. Hence, there being no genuine issue of material fact, and based on the cases of Clark v. Cypress Shores Development Co., 516 So.2d 622 [ (Ala. 1987) ]; Lockhart v. Phenix City Investment Co., 549 So.2d 48 [ (Ala.1989) ]; and St. Paul Title Insurance Corporation v. Owen, 452 So.2d 482 [ (Ala.1984) ], judgment is entered for the Plaintiffs. Plaintiffs are to receive the deed which has been offered into the Court and the $500.00 for the costs of the survey which has been offered.
"The Plaintiffs are ordered to pay the costs of these proceedings since they did not accept the offer of judgment.
"The Clerk of the Court is to mail a copy of this Order to counsel of record.
"SIGNED this 11th day of March, 1991.”

. Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” Ala.Code 1975, § 12-21-12, West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).