On Return to Remand

COOK, Justice.
James M. Blissett, a third-party plaintiff, appeals a summary judgment entered in favor of the third-party defendants in an action originally begun by the owners of lots in Lake Pines Subdivision, Dothan, Alabama, against Blissett. Those owners alleged a failure to comply with certain restrictive covenants. We affirm in part, reverse in part, and remand.
This case is on return from the remand in Blissett v. Riley, 667 So.2d 1335 (Ala.1993), in which we remanded Blissett’s cause for a more extensive development of the record. After our remand, the trial court received additional documentary evidence. It subsequently entered an order and filed its return with this Court.
On the present record, it appears that Blissett purchased three lots in a subdivision in Houston County, receiving three warranty deeds, which were recorded between December 19, 1989, and February 15, 1990. All three deeds contained covenants asserting that the grantors were “lawfully seized in fee of the ... premises; [and] that [the lots were] free from all encumbrances.” None of the deeds contained any restrictions on the use of the property. It appears, however, that the deeds — executed and duly recorded between 1962 and 1976 — by which Blissett’s immediate grantors obtained title contained the following restrictions:
“A part of the consideration for the execution and delivery of this deed is the agreement of the grantees that no dwelling house shall be erected upon said lot[s] which shall not be of brick or brick veneer construction; and that no house shall be erected on said lots closer than seventy-five feet (75') to [the adjacent street].”
On April 10,1991, after Blissett had begun to construct buildings on his lots, five lot owners in Lake Pines Subdivision commenced an action against Blissett, seeking to enjoin him from further construction. In an amended complaint dated September 4,1991, the plaintiffs alleged that the construction violated, among other things, the restrictions in the deeds given by Blissett’s remote *1337 grantors, which restrictions, the plaintiffs alleged, were “covenants running with the land.”
Blissett filed a third-party complaint against Merlene Riley, Sherrill Coleman, Bette Coleman, Lilly Coleman, William Beck-man, and Braxton Beckman, the previous owners of the property, and against Assurance Title of Dothan, Inc., which had prepared the deeds by which Blissett obtained title. Blissett’s complaint alleged that the third-party defendants had violated the “covenant against encumbrances” in their deeds to him, and, that, therefore, if he was forced to modify the buildings to conform to the restrictions in the neighborhood, he should be reimbursed by the third-party defendants for the cost of the modifications. In response to a motion filed by the third-party defendants seeking dismissal of Blissett’s complaint, the trial judge entered the following judgment:
“Although none of the parties have been able to provide specific authority on the restriction/encumbrance issue, it is the opinion of the court that building restrictions of record are not encumbrances, the failure to notify of which, would be a breach of warranty; therefore, the 3rd party complaint is dismissed.”
(Emphasis added.)
That judgment was made final pursuant to Rule 54(b), Ala.R.Civ.P.[1] In this appeal, we consider only the narrow question whether a grantee under a deed containing a covenant of warranty against encumbrances is, by the constructive notice afforded him through the prior recordation of deeds or other instruments of his remote grantors in the chain of title—which remote deeds contain restrictions as to the type and location of structures permitted on the subject property—barred as a matter of law from recovery for a breach of the covenant of warranty.
In order to resolve this issue, it is necessary briefly to redefine “encumbrance.” An encumbrance is an “outstanding right[] or interest [in] the estate conveyed that will diminish the value, but which [is] consistent with the passage of the fee.” Colonial Capital Corp. v. Smith, 367 So.2d 490, 491-92 (Ala.Civ.App.1979) (quoting 20 Am.Jur.2d Covenants, § 81, at 64445 (1965)) (emphasis added). Otherwise stated, an encumbrance in this context is any “right to, or interest in, the land, which may subsist in a third party, to the diminution of the value of the land.” 20 Am.Jur.2d, supra, at 645. “A covenant against encumbrances does not depend for its existence upon the extent or amount of the diminution in value, but extends to cases where, by reason of the burden, claim, or right, the owner does not acquire complete dominion over the land covered by his conveyance or deed.” Id. (emphasis added). See also Coons v. Carstensen, 15 Mass.App. 431, 446 N.E.2d 114, 116 (1983) (“In all events, building or use restrictions are encumbrances”); Brewer v. Peatross, 595 P.2d 866, 868 (Utah 1979) (“An encumbrance may be said to be any right that a third person holds in land which constitutes a burden or limitation upon the rights of the fee title holder”).
The provisions at issue in this ease purport to impose substantial limitations on Blissett’s property use. Compliance with these provisions would restrict Blissett to two alternatives in his choice of construction materials. In mandating a 75-foot setback from adjacent streets, they also strictly limit his prerogative as to the size of any structure he can build on his property. These provisions must, therefore, be deemed to be “encumbrances,” within the context of covenants of warranty. Thus, we turn to the question of the legal effect of the recordation of those restrictions in the deeds of his remote grantors.
This question is, we think, effectively answered by Lockhart v. Phenix City Investment Co., 488 So.2d 1353 (Ala.1986) (“Lockhart I”), and Lockhart v. Phenix City Investment Co., 549 So.2d 48 (Ala.1989) (“Lockhart II”). Those cases arose out of the following pertinent facts:
“[Homer] Lockhart agreed to purchase a parcel of real property located in Phenix *1338 City from Phenix City Investment Company. On February 2,1981, a warranty deed conveying title to the property was executed by Phenix City Investment Company to Lockhart. [That] deed contained the following covenants of warranty:
“ ‘And, we do for ourselves and for our heirs, executors, administrators and assigns, covenant with the said Grantee, his heirs and assigns, that we are lawfully seized in fee simple of said premises; that they are free from all encumbrances, unless otherwise noted above; that we have a good right to sell and convey the same as aforesaid; that we will and our heirs, executors, administrators, and assigns, shall warrant and defend the same to the said Grantee, his heirs and assigns, forever, against the lawful claims of all persons.’
“At the same time, Lockhart signed a note payable to Phenix City Investment Company in the principal amount of $18,-000, payable in monthly installments. As security for [the] note he executed a purchase money mortgage on the real property. This statement appeared on the mortgage: ‘This is a second mortgage subject to the first mortgage executed to the American Federal Savings and Loan Association of Columbus, Georgia.’ Lockhart elaim[ed] to have signed the mortgage without having read [that] statement.
“Several days after the execution of the documents, Lockhart'was given a copy of a letter dated February 2,1981, from American Federal Savings and Loan Association of Columbus, Georgia (now Georgia Federal Savings and Loan Association), to Phe-nix City Investment Company indicating that a minimum of $16,000 was required to be paid to release the property from the prior mortgage to American Federal Savings and Loan. Lockhart insisted that Phenix City Investment Company obtain a release of the property from this prior mortgage.
“In April of 1982, since the prior encumbrance was still outstanding, Lockhart stopped making payments on the property. On July 26, 1983, Phenix City Investment Company demanded payment of its mortgage and note from Lockhart. When Lockhart failed to pay, Phenix City Investment Company foreclosed on the mortgage.”
Lockhart I, 488 So.2d at 1354-55.
In a subsequent action begun by Lockhart against Phenix City Investment Company (“Phenix”), in which he sought damages under the theory of, among other things, breach of the covenant of warranty against encumbrances, the trial court entered a summary judgment in favor of Phenix. Id. at 1355. As to the claim based on the breach of covenant of warranty, this Court reversed, holding: “Although Lockhart was given notice of the prior encumbrance when he signed his mortgage, such notice is not sufficient to overcome the covenant in the deed which warranted that there were no encumbrances on the property.” Id. In so holding, the Court explained:
“A covenant of freedom from encumbrances, like a covenant of seizin and good right to convey, is a covenant in praesenti, and is broken as soon as made if there is an outstanding prior encumbrance diminishing the value of the property conveyed; and knowledge of the encumbrance at the time of the covenant does not bar the right of the covenantee, because such covenants are taken as indemnity against known, as well as unknown, encumbrances.”
Id. (Emphasis added.)
We spoke to this issue again in Lockhart II, which involved questions certified to this Court from the United States District Court for the Middle District of Alabama. One of the questions concerned whether Lockhart’s knowledge — actual or constructive — of the prior encumbrance would effect a mitigation of the damages he was able to prove in his breach of covenant action. Holding that Phenix could not rely on Lock-hart’s knowledge in order to mitigate damages, this Court explained:
“The covenantee’s knowledge of an encumbrance is of no consequence in an action for breach of a covenant. Knowledge, or notice of an encumbrance, however full, does not impair the covenantee’s right of recovery upon covenants against encumbrances, for the covenants are executed for *1339 the protection and indemnity against known and unknown encumbrances. Copeland v. McAdory, [100 Ala. 553, 13 So. 545 (1892)]; Mackintosh v. Stewart, 181 Ala. 328, 61 So. 956 (1913).
“To hold otherwise would, in effect, negate the well-established rule of law that the purchaser’s knowledge of a prior encumbrance is not a defense to an action for the breach of the covenant.”
Lockhart II, 549 So.2d at 51 (emphasis added).
Under this rule, Blissett’s knowledge — actual or constructive — of the restrictions on the use of his property contained in instruments recorded before he received his deeds does not bar his action against the covenan-tors for breach of the covenants against encumbrances contained in his deeds. Because Blissett’s grantors therefore were not “entitled to a judgment as a matter of law,” Ala.R.Civ.P. 56(c), the judgment of the trial court is, as to the third-party claims against them, reversed, and the cause is remanded for further proceedings consistent with this opinion.
As to the third-party claim against Assurance, however, we note that the claim consists of the bare allegation in the third-party complaint and amended complaint that Assurance, in conjunction with the grantors, was, “by virtue of [the] breach of covenants against encumbrances, and by virtue of [the] warranty to defend, ... liable to [Blissett].” This allegation is, as to Assurance, unsupported by any evidence in the record, or, in fact, by any argument directed specifically to that defendant. Therefore, the summary judgment, insofar as it applies to Assurance, is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, INGRAM and BUTTS, JJ., concur.

. Although the motion was styled a motion to dismiss, the trial court considered documents other than the pleadings and considered the motion as one for a summary judgment.