The appellant, Ronnie Floyd, appeals from the denial by the Jefferson Circuit Court of his petition for the writ of habeas corpus. In his petition, the appellant argued that he was due to receive six months' jail credit because he had been granted a working appeal by the trial court. The trial court found that the pleading was not a petition for a writ of habeas corpus, but was instead a motion for additional credit for time served. The court found that the appellant was not entitled to additional jail credit because he had not been granted a working appeal, as he claimed, and denied the petition. *Page 726 
A petition for a writ of habeas corpus is the proper method by which to ascertain whether the State has correctly calculated the time an inmate must serve in prison. Swicegood v. State, 646 So.2d 158 (Ala.Crim.App. 1993). However, the trial court did not have jurisdiction to consider the appellant's petition. Section 15-21-6, Ala. Code 1975, states that "when the person is confined in the penitentiary or under a sentence, judgment or order of the supreme court or the circuit court, other than an indictment for felony, the petition must be addressed to the nearest circuit court judge." Although the inmate was convicted in the Birmingham Division of Jefferson County, at the time he filed his petition he was incarcerated at Donaldson Correctional Facility in Bessemer. Thus, the appellant should have filed his petition in the Bessemer Division of Jefferson County, rather than in the Birmingham Division.
Because the trial court did not have jurisdiction to deny the appellant's petition, the order of dismissal is reversed, and this matter is remanded to the trial court for that court to transfer the petition to the Bessemer Division of the Jefferson Circuit Court, which is the proper circuit court to hear the petition. If, as the Department of Corrections alleges in its brief, the appellant has a petition for a writ of habeas corpus currently pending in the Bessemer Division,[1] this cause is due to be dismissed by that Court.
REVERSED AND REMANDED.
Cobb, Baschab, Shaw, and Wise, JJ., concur.
[1] There is no indication in the record as to the validity of this claim. *Page 1237