SHAW, Judge.
Benny L. Dailey appeals the circuit court’s summary denial of what he styled as a petition for a writ of certiorari.
Dailey filed his petition on August 25, 2003. In his petition, Dailey alleged that he had been sentenced to life imprisonment without the possibility of parole under the Habitual Felony Offender Act (“the HFOA”); that he was a nonviolent offender with no prior Class A felony convictions; and that, therefore, pursuant to § 13A-5-9.1, Ala.Code 1975, making retroactive an amendment to the HFOA effective May 25, 2000, he was entitled to have his sentence reconsidered. Dailey also argued that the Department of Corrections (“the DOC”) and the Board of Pardons and Paroles (“the Board”) failed to comply with § 13A-5-9.1 by evaluating his conduct while in prison and submitting that evaluation to the circuit court so that he could have his sentence reconsidered and that this failure violated his right to due process. After receiving a response from the Board, the circuit court summarily denied the petition on February 20, 2004.
In Kirby v. State, 899 So.2d 968 (Ala.2004), the Alabama Supreme Court held that a motion filed pursuant to § 13A-5-9.1 (“a § 13A-5-9.1 motion”) is the proper avenue for seeking reconsideration of a sentence under the 2000 amendment to the HFOA. The Court specifically stated that “[sjection 13A-5-9.1 contemplates the availability of the circuit court to hear a motion seeking the implementation of that statute, and the Legislature has the power to vest the circuit courts with jurisdiction under these circumstances.” Kirby, 899 So.2d at 971. The Court further held that “[wjhile the information available to the court in the DOC’s evaluation will be helpful in making its determination, we conclude that the administration of § 13A-5-9 requires that if the DOC does not provide the evaluation in a timely fashion, the State will have waived any input as to the inmate’s conduct while incarcerated that the sentencing judge or the presiding judge might otherwise have considered in determining whether the inmate is a nonviolent offender.” 899 So.2d at 974-75. The Court’s holding in Kirby implicitly overruled this Court’s holding in Robinson v. State, 837 So.2d 882 (Ala.Crim.App.2002) (Shaw, J., concurring in the result), that Rule 32, Ala.R.Crim.P., is the proper avenue for seeking implementation of § 13A-5-9.1, and that the evaluation contemplated by § 13A-5-9.1 is a prerequisite to reconsideration of a sentence.
In this case, Dailey’s petition was styled as a petition for a writ of certiorari; however, in substance, Dailey’s petition requests reconsideration of his sentence pursuant to § 13A-5-9.1.
“[T]he mere mislabeling of a motion is not fatal. King Mines Resort, Inc. v. Malachi Mining & Minerals, Inc., 518 So.2d 714, 718 (Ala.1987). This Court has stated that it is ‘committed to the proposition that it will treat a motion (or *313 other pleading) and its assigned grounds according to its substance.’ King Mines Resort, 518 So.2d at 718; see also Lockhart v. Phenix City Inv. Co., 488 So.2d 1353 (Ala.1986), and Sexton v. Prisock, 495 So.2d 581 (Ala.1986). Further, the Court has held that ‘[t]he substance of a motion and not its style determines what kind of motion it is.’ Evans v. Waddell, 689 So.2d 23, 26 (Ala.1997).”
Ex parte Deramus, 882 So.2d 875, 876 (Ala.2002). Thus, we treat Dailey’s petition according to its substance, not its style — we treat it as a § 13A-5-9.1 motion.
Section 13A-5-9.1 specifically provides for the reconsideration of a sentence “by the sentencing judge or presiding judge.” As the Supreme Court held in Kirby, “[s]eetion 13A-5-9.1 is an act of statewide application that confers jurisdiction upon the sentencing judge or the presiding judge to apply the 2000 amendment to the HFOA retroactively.” 899 So.2d at 972. Although normally a trial court loses jurisdiction to modify a sentence more than 30 days after sentencing, by enacting § 13A-5-9.1, “the Legislature vested jurisdiction in the sentencing judge or the presiding judge to reopen a case more than 30 days after a defendant has been sentenced.” Kirby, 899 So.2d at 971 (emphasis added). Thus, a § 13A-5-9.1 motion must be filed in the court of original conviction, and only the sentencing judge or the presiding judge of that circuit has jurisdiction to review the motion. Because only the sentencing judge or the presiding judge of the circuit in which the inmate was convicted and sentenced has jurisdiction to reconsider a sentence under § 13A-5-9.1, a § 13A-5-9.1 motion filed in the wrong circuit court should be transferred to the court of original conviction for appropriate disposition. See, e.g., Floyd v. State, 823 So.2d 725 (Ala.Crim.App.2001) (petition for a writ of habeas corpus filed in the wrong circuit court should be transferred to the appropriate court for disposition), and Hiett v. State, 642 So.2d 492, 494 n. 3 (Ala.Crim.App.1993) (Rule 32, Ala. R.Crim.P., petition filed in the wrong court should be transferred “to the court with the authority” to rule on the petition).
Although Dailey did not allege in his motion which county he had been convicted and sentenced in, a review of our own records reveals that Dailey was convicted and sentenced in the Mobile Circuit Court, not the Montgomery Circuit Court.[1] Therefore, the Montgomery Circuit Court lacked jurisdiction to rule on Dailey’s § 13A-5-9.1 motion for reconsideration of his sentence, and its summary denial of the motion is void. We certainly do not fault the circuit court in this case for summarily denying Dailey’s motion instead of transferring it to the court of original conviction, as it did not have the benefit of the Alabama Supreme Court’s decision in Kirby at the time it did so. Nevertheless, Dailey’s motion should now be transferred to the court of original conviction.
Because a void judgment will not support an appeal, this appeal is due to be, and is hereby, dismissed. See, e.g., Madden v. State, 885 So.2d 841 (Ala.Crim.App.2003). However, Dailey’s motion still stands as filed in the Montgomery Circuit Court awaiting disposition. Therefore, we direct the Montgomery Circuit Court to treat Dailey’s petition as a § 13A-5-9.1 motion and to transfer the motion to the Mobile Circuit Court for review by the *314 sentencing judge or the presiding judge.[2]
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.

. This court may take judicial notice of its own records. See Hull v. State, 607 So.2d 369, 371 (Ala.Crim.App.1992).

. If Dailey wishes to appeal the ruling by the Mobile Circuit Court, he must file a separate notice of appeal in the Mobile Circuit Court.