On November 24, 1998, Miller Properties, LLC, executed a mortgage in favor of Merrill Lynch Credit Corporation on a parcel of property located at 10 Burlington Drive, Fairhope ("the property"), as security for a loan. The mortgage was subsequently assigned to State Street Bank and Trust Company.
Miller Properties thereafter defaulted on the loan. Accordingly, State Street Bank and Trust foreclosed on the property and, on May 21, 2002, sold the property at a foreclosure auction to Oscar C. Anez. Anez subsequently sold the property to Jacquelyn A. Green.
On October 22, 2002, Miller Properties filed a "complaint for redemption" in the Baldwin Circuit Court seeking to exercise its right to redeem the property pursuant to § 6-5-248, Ala. Code 1975. The complaint listed both Anez and Green as defendants. On October 31, 2003, the trial court conducted a nonjury trial on Miller Properties' redemption complaint. On November 6, 2003, the trial court entered a judgment in favor of Miller Properties, holding that it was entitled to redeem the property for $57,823.97. The trial court accordingly gave Miller Properties until November 10, 2003, to redeem the property. However, Miller Properties failed to complete the redemption within the time set by the court, even after the trial court extended the deadline to November 28, 2003.
Anez and Green filed a motion asking the court to order Miller Properties to show cause why it should not be held in contempt for failing to redeem the property by the court-ordered deadline. Anez and Green also asked the court to enter an amended order denying Miller Properties the right to redeem the property because *Page 851 
it had failed to meet the deadlines set by the court. On January 13, 2004, the trial court conducted a hearing on the motion. Following the hearing, the trial court entered an order stating that Miller Properties had "until Friday, 1/16/04, at 5PM to redeem the property or lose that right." Miller Properties failed to redeem the property by that deadline.
On October 19, 2004, approximately nine months after the trial court's last order, Miller Properties filed a motion asking the trial court to set aside the foreclosure deed that purported to convey the property to Anez on the basis that both the published notice of foreclosure and the foreclosure deed mistakenly identified the defaulting mortgagor as "Miller Enterprises, LLC" instead of "Miller Properties, LLC." Anez and Green opposed the motion, arguing that Miller Properties had made this same argument during the October 2003 trial and that the trial court had ruled against it. Accordingly, Anez and Green argued, the argument was now barred by the doctrine of res judicata. After hearing oral argument on the issue, the trial court denied without explanation Miller Properties' motion to set aside the foreclosure deed.
Miller Properties now appeals. Anez and Green have moved this Court to dismiss the appeal as untimely, arguing that a final judgment was entered in the case on January 13, 2004, and that Miller Properties' notice of appeal, filed on May 3, 2005, was therefore filed outside the 42-day period for taking an appeal. See Rule 4(a), Ala. R.App. P. ("[T]he notice of appeal . . . shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from. . . ."). We grant the motion and dismiss the appeal.
In Ex parte Wharfhouse Restaurant Oyster Bar,Inc., 796 So.2d 316, 320 (Ala. 2001), this Court stated:
 "A final judgment that will support an appeal is one that puts an end to the proceedings between the parties to a case and leaves nothing for further adjudication. See City of Birmingham v. City of Fairfield, 396 So.2d 692 (Ala. 1981). `A judgment need no longer be phrased in formal language nor bear particular words of adjudication. It is sufficient if it is signed or initialed by the trial court and, in considering the entire record, it evidences an intention to adjudicate and the substance of adjudication.' Dudley v. State Dep't of Human Res., 555 So.2d 1121, 1121 (Ala.Civ.App. 1989) (citing Rule 58(c), Ala. R. Civ. P., and Purnell v. Covington County Bd. of Educ., 519 So.2d 560
(Ala.Civ.App. 1987))."
In the present case, the trial court's January 13, 2004, order left "nothing for further adjudication."796 So.2d at 320. Miller Properties' complaint included only one claim — seeking redemption of the property. The trial court's order clearly stated that Miller Properties would lose its right to redeem the property if it did not complete the redemption by January 16, 2004. When Miller Properties failed to complete the redemption by that date, it lost its right to redeem the property pursuant to the express terms of the trial court's order. Because Miller Properties' only claim was resolved by the trial court's January 13, 2004, order, there was nothing else for the court to consider, and the matter was final.
Miller Properties had 30 days from the date of the January 13, 2004, order to file a motion to alter, amend, or vacate the trial court's judgment pursuant to Rule 59(e), Ala. R. Civ. P. Such a motion would have tolled the time for taking an appeal. However, Miller Properties did not file any postjudgment motion until October 19, 2004, when it moved the trial court to set *Page 852 
aside the foreclosure deed. Because that motion was filed more than 30 days after the final judgment was entered, it was untimely and of no effect. "Although a timely postjudgment motion will toll the 42-day time period for filing a notice of appeal, an untimely filed postjudgment motion will not do so."Marsh v. Marsh, 852 So.2d 161, 163 (Ala.Civ.App. 2002).
Because this Court has no jurisdiction over an untimely filed appeal, see Rule 2(a)(1), Ala. R.App. P., Anez and Green's motion to dismiss is granted, and the appeal is dismissed.
APPEAL DISMISSED.
SEE, HARWOOD, STUART, and BOLIN, JJ., concur.