Plumbline Construction, Inc., petitions this court for a writ of mandamus directing the Houston Circuit Court to vacate its order awarding temporary-total-disability benefits to Gregory Quattlebaum. We grant the petition and issue the writ.
On or about March 27, 2007, Quattlebaum filed a complaint seeking workers' compensation benefits from Plumbline Construction for an injury Quattlebaum claimed he had sustained while acting in the line and scope of his employment with Plumbline Construction. On or about April 4, 2007, Plumbline Construction filed an answer to Quattlebaum's complaint, admitting that Quattlebaum had been injured in the course of his employment and that it had been provided notice of the accident, but denying the extent of Quattlebaum's injury and the average weekly wage asserted in Quattlebaum's complaint. Plumbline Construction asserted that, at the time of the accident, Quattlebaum had been under the influence of illegal narcotics that had proximately caused the accident. Further, Plumbline Construction *Page 747 
asserted that Quattlebaum had been guilty of willful misconduct that had proximately caused his injury.
On August 1, 2007, Quattlebaum filed a motion for, among other things, an order compelling immediate payment of temporary-total-disability benefits and his medical bills. On August 3, 2007, Plumbline Construction filed a response to Quattlebaum's motion. On September 12, 2007, the trial court set Quattlebaum's motion for a hearing on September 18, 2007.
On September 17, 2007, the court entered an order stating that, based on the agreement of the parties, the hearing on Quattlebaum's motion to compel was continued until October 25, 2007. On October 17, 2007, the trial court set the case for trial on October 25, 2007. That same day, Plumbline Construction filed a motion to continue the October 25, 2007, trial. In that motion, Plumbline Construction asserted that the order setting the trial provided only eight days' notice of the trial and that it did not have adequate time to prepare. Further, Plumbline Construction asserted that the trial setting violated Rule 40, Ala. R. Civ. P. Plumbline Construction also asserted that Quattlebaum had answered its discovery requests on October 10, 2007, and that, therefore, Plumbline Construction had not had sufficient time in which to subpoena the documents necessary for trial. Finally, Plumbline Construction asserted that its attorney already had six other cases set for trial the week of October 25, 2007, and would most likely be unavailable for the trial in the present case. That same day, the trial court set aside its previous order because of a "clerical error." The court set Quattlebaum's motion to compel for a hearing on October 25, 2007, and stated that the trial of this case would be scheduled at a later date. Despite this order, on October 25, 2007, the trial court held a trial on the merits of Plumbline Construction's affirmative defense asserting that Quattlebaum had been guilty of willful misconduct that had proximately caused the injury.
On November 9, 2007, the trial court entered an order stating that Plumbline Construction had failed to establish that Quattlebaum had committed willful misconduct and awarded temporary-total-disability benefits to Quattlebaum. The trial court reserved the issues of medical and legal causation, determination of permanent disability, "taxation of costs, interest and potential penalty on unpaid installments of compensation," and "contempt and taxation of costs relating to failure to comply with the Order of this Court relating to provision of and payment for medical treatment."
On December 17, 2007, Plumbline Construction filed a petition for a writ of mandamus to this court, alleging (1) that the trial court erred by awarding temporary-total-disability benefits to Quattlebaum because, it says, the evidence indicated that Quattlebaum's violation of a safety rule established by Plumbline Construction had caused the accident and (2) that the trial court's proceedings were inadequate because, among other things, the trial court had held a trial in violation of Rule 40, Ala. R. Civ. P. We find the second issue to be dispositive.
 "A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court."
Ex parte BOC Group, Inc., 823 So.2d 1270, 1272
(Ala. 2001). *Page 748 
Section 25-5-88, Ala. Code 1975, provides that after an answer is filed in a workers' compensation case, "said action shall proceed in accordance with and shall be governed by the same rules and statutes as govern civil actions. . . ." Section 25-5-81(a)(1), Ala. Code 1975, further provides that workers' compensation cases "shall be set and assigned for hearing under the same rules and statutes that civil actions in tort are set and assigned." Accordingly, we conclude that Rule 40, Ala. R. Civ. P., is applicable in workers' compensation cases.
Rule 40(a), Ala. R. Civ. P., provides that, subject to certain exceptions not applicable in this case, "[t]he trial of actions shall be set by entry on a trial docket or by written order at least sixty (60) days before the date set for trial." In the present case, the trial court entered an order stating that it would hold a hearing on Quattlebaum's motion to compel on October 25, 2007. It then entered an order setting a trial for that date; however, after Plumbline Construction objected to the trial setting based on, among other things, the trial court's failure to comply with Rule 40, the trial court indicated that it would not hold a trial on that date but would instead hold a hearing on Quattlebaum's motion to compel. Despite the trial court's stated intentions, it did, in fact, hold a trial on the merits of Plumbline Construction's affirmative defense that Quattlebaum had been guilty of willful misconduct that had proximately caused the injury. The trial court violated the plain language of Rule 40 by conducting a trial on less than 60 days' notice.
Based on the foregoing, we conclude that the requirements for the issuance of a writ of mandamus have been met. Accordingly, we grant Plumbline Construction's petition and direct the trial court to vacate its November 9, 2007, order and to set a new trial date consistent with Rule 40, Ala. R. Civ. P. Seegenerally Coker v. Farmers Mut. Exch., 425 So.2d 489, 491
(Ala.Civ.App. 1983) (reversing a judgment of the trial court and remanding for a new trial based on Rule 40 violation).
PETITION GRANTED; WRIT ISSUED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.