PARKER, Justice.
RCH IV-WB, LLC (“RCH”), appeals the Baldwin Circuit Court’s judgment setting aside a mortgage-foreclosure sale. We reverse and remand.

Facts and Procedural History

In June 2009, RCH filed a complaint against Wolf Bay Partners, L.L.C. (“Wolf Bay”); GDG Properties, LLC (“GDG”); R and G, LLC;[1] George D. Copelan, Sr.; Robert Yarbrough; Gilman Hackel; David W. Mobley; and George D. Gordon (hereinafter collectively referred to as “the defendants”). The complaint alleged, in pertinent part:
“13. On July 28, 2005, Wolf Bay ... executed a Note in the original principal amount of $2,550,000.00 which was secured by a Mortgage (‘Mortgage’) in favor of Wachovia Bank and by guaranties executed by the other Defendants. The Mortgage was recorded on August 2, 2005, as Instrument Number 911703 of the records of the office of the Judge of Probate of Baldwin County, Alabama.
“14. On September 20, 2006, Wolf Bay ... and Wachovia Bank entered into a Mortgage Modification Agreement whereby the amount of the indebtedness secured by the Mortgage was increased to $2,933,718.00. The Mortgage Modifi *396 cation Agreement was recorded on October 2, 2006, as Instrument Number 1005031 in the records of the office of the Judge of Probate of Baldwin County.
“15. On December 21, 2007, Wacho-via Bank executed an Assignment of Note, Mortgage and Loan Documents in favor of RCH Mortgage Fund IV, LLC,[2] whereby Wachovia Bank transferred its interest in the Note, Mortgage and loan documents to RCH Mortgage Fund IV, LLC. Said Assignment of Note, Mortgage and Loan Documents was recorded on January 23, 2008, as Instrument Number 1096419 in the records of the office of the Judge of Probate of Baldwin County.
“16. Wolf Bay ... defaulted on its payment obligations under the loan documents and RCH Mortgage Fund IV, LLC foreclosed on the property secured by the Mortgage.
“17. The property was sold to [RCH] for $2,000,000 on April 14, 2009, at the foreclosure sale held in Baldwin County, which amount was credited to the indebtedness.
“18. On April 15, 2009, RCH Mortgage Fund IV, LLC assigned to RCH all of its rights under the loan, including all rights to the deficiency remaining after foreclosure.
“19. The loan continues to be in default and there is a deficiency following the foreclosure. As of April 14, 2009, and after giving credit for the foreclosure price, the total amount owed under the loan was $1,046,572.31 with interest accruing at a per diem rate of $305.25. RCH seeks a money judgment against Defendants.”
Copelan, Yarbrough, and Hackel filed a joint answer denying the material allegations set forth in the complaint; they also filed a cross-claim against Gordon, alleging that they had “lost their investment in property owned by Wolf Bay” because, they said, Gordon, who is Wolf Bay’s manager, “failed to make payment due on debts owed by [Wolf Bay].”
GDG and Gordon filed a joint answer denying the material allegations set forth in the complaint. In their answer, GDG and Gordon pleaded the following “affirmative defenses”: (1) “inadequacy of price bid at the foreclosure sale”; (2) “insufficient notice of the foreclosure sale”; and (3) “failure of the auctioneer conducting the foreclosure sale ... to offer the property ... in parcels.” In their respective answers, Wolf Bay and Mobley pleaded the same affirmative defenses set forth in GDG and Gordon’s answer.
RCH filed a motion for a summary judgment; the trial court denied that motion. At a bench trial, RCH offered as evidence a copy of a document allegedly assigning the mortgage from Wachovia to RCH Mortgage Fund IV, LLC (“the mortgage assignment”). The defendants objected to the admission of the mortgage assignment on two grounds: (1) that RCH had failed to show that the individual who signed the mortgage assignment on behalf of Wacho-via had the corporate authority to act, purportedly in violation of § 35-4-67, Ala. Code 1975; and (2) that the form of the acknowledgment on the mortgage assignment failed to comply with §§ 35-4-20 through 35-4-68, Ala.Code 1975. The trial court sustained the objection “based on the grounds that [the defendants] presented.” The trial court also noted the following:
*397 “One problem I got — I don’t know how you’re going to get around and that is that the date of [the mortgage assignment] is five — six months before the execution of the document and I don’t know how you’re going to get around that.
[[Image here]]
“Let me tell you what it leads me to believe. It leads me to believe the lady at Wachovia sat down and signed a bunch of these and then they took this and attached it as they sold off the different mortgages. They may have sold one to RCH. They may have sold two or three to some other company and put the attachment to it which means she didn’t sign this document. She signed an uncompleted document en masse because they were probably selling them off left and right. And then they dated it as they reached the deal with RCH.”
However, the defendants’ trial counsel did not object to the admissibility of the mortgage assignment on that basis, and the trial court did not sustain the defendants’ objection on that basis.[3]
After the bench trial, the trial court entered an order stating:
“This matter was tried before the court on January 26, 2010. On the evidence presented, the Court finds in favor of the Defendants] and sets aside the mortgage foreclosure and sale based on the wrong party conducting the foreclosure and sale.
“[RCH] was unable to properly introduce the mortgage assignment because the instrument was non-compliant with Ala.Code [1975,] §§ 35-4-20 thru 35-4-68. The defective acknowledgment predated the execution of the instrument and the acknowledgment failed to comply with Ala.Code [1975,] § 35-4-29. When an acknowledgment is defective, the officer can become a witness for attestation. However, for a conveyance instrument to be self-proving, without an acknowledgment, the attestation requires two witnesses. RCH’s mortgage assignment contained only one attesting witness. As such, the instrument was not self-proving and required proof of execution. No such evidence was presented. Therefore, the mortgage assignment was not properly before the court and could not be admitted in evidence.
“The court finds no reason to determine the issue of sell [sic] by en masse versus parcel by parcel because the court found the foreclosure invalid.”
RCH filed a motion for a new trial or, in the alternative, to alter, amend, or vacate the judgment, which the trial court denied. Thereafter, the trial court entered an order stating: “The court having previously ordered that the foreclosure is set aside, all other claims and cross-claims are hereby denied.” RCH appeals.

Standard of Review

“Because the issue before us presents a pure question of law, we review the matter de novo, without any presumption of correctness.” Ex parte Byrom, 47 So.3d 791, 794 (Ala.2010) (citing Simcala, Inc. v. American Coal Trade, Inc., 821 So.2d 197, 200 (Ala.2001)).

Discussion

RCH presents several issues on appeal; however, the dispositive issue is whether the trial court erred in setting aside the mortgage-foreclosure sale on the basis that *398 “the mortgage assignment was not properly before the court and could not be admitted in evidence.” The trial court determined that RCH “was unable to properly introduce the mortgage assignment because the instrument was non-compliant with Ala.Code [1975,] §§ 35-4-20 thru 35-4-68.” Specifically, the trial court determined that the mortgage assignment was not admissible at trial because “the instrument was not self-proving” and there was no “proof of execution.” The trial court held that the acknowledgment on the mortgage assignment was defective because, it said, the acknowledgment did not comply with § 35-4-29, Ala.Code 1975, and that the mortgage assignment was not self-proving because only one witness had attested to the execution of the document — the Florida notary who had signed the acknowledgment.
RCH argues on appeal, as it did in its postjudgment motion, that, under § 35-4-26, Ala.Code 1975, the acknowledgment was not governed by Alabama law, but by Florida law, where the mortgage assignment was undisputedly executed. We agree. Section 35 — 4—26(b), Ala.Code 1975, states:
“(b) Notwithstanding any provision of this chapter, the acknowledgment of any instrument executed outside the State of Alabama which is in compliance with the manner and form prescribed by the laws of the place of its execution, is executed in a state, territory, or insular possession of the United States or the District of Columbia, and is verified by the official seal of the officer before whom it is acknowledged, shall have the same effect as an acknowledgment in the manner and form prescribed by the laws of this state for instruments executed within the state.”
The trial court determined that the mortgage assignment was not admissible at trial because the acknowledgment on the mortgage assignment did not comply with Alabama law; that conclusion, however, is not dispositive. Rather, under § 35-4-26(b), the mortgage assignment would be admissible if the acknowledgment on the mortgage assignment complied with Florida law.
The applicable Florida statute is Fla. Stat. § 117.05(13)(c) (2008), which states:
“The following notarial certificates are sufficient for the purposes indicated, if completed with the information required by this chapter. The specification of forms under this subsection does not preclude the use of other forms.
“(c) For an acknowledgment in a representative capacity:
“STATE OF FLORIDA
“COUNTY OF_
“The foregoing instrument was acknowledged before me this_day of_, (year), by (name of person) as (type of authority, e.g. officer, trustee, attorney in fact) for (name of party on behalf of whom instrument was executed).
“(Signature of Notary Public — State of Florida) (Print, Type, or Stamp Commissioned Name of Notary Public)
“Personally Known_OR Produced Identification_
“Type of Identification Produced
The acknowledgment on the mortgage assignment at issue here states:
“STATE OF FLORIDA
“COUNTY OF DUVAL
“The foregoing instrument was acknowledged before me this 17 day of May, 2007, by Margaret B. Flight, the Vice President of Wachovia Bank, National Association, on behalf of the bank. *399 Such person did not take an oath and: (notary must check applicable box) “ X is/are personally known to me. “_produced a current Florida driver’s license as identification.
“_produced_as identification.”
The acknowledgment on the mortgage assignment was signed and sealed by a Florida notary, Joyce Davis. The acknowledgment on the mortgage assignment complies with Fla. Stat. § 117.05(13)(c) and, thus, complies with § 35-4-26(b), Ala.Code 1975. Accordingly, the trial court erred in holding that the mortgage assignment was not admissible.
RCH presents numerous other arguments on appeal; however, our disposition of this issue pretermits any discussion of the other arguments raised by RCH.

Conclusion

Based on the foregoing, we reverse the trial court’s judgment and remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
STUART, SHAW, MAIN, and WISE, JJ., concur.

. The record does not include an answer to the complaint filed by R and G, LLC, and it did not file a brief on appeal.

. According to RCH, "RCH [Mortgage] Fund [IV, LLC,] and RCH are related entities. RCH was formed as a single purpose entity to bid at foreclosure and to hold title and the underlying debt.” RCH’s brief, at p. 1 n. 1.

. In its postjudgment motion, discussed below, RCH attached the affidavits of the Wa-chovia signatory and of the notary public that acknowledged the mortgage assignment, both of which stated that the discrepancy in the dates was attributable to a scrivener’s error.