STUART, Justice.
R&G, LLC, George D. Copelan, Sr., Gilman Hackel, and Robert Yarbrough (hereinafter referred to collectively as “the appellants”) appeal the $1,350,296 judgment entered against them and in favor of RCH IV-WB, LLC (“RCH”), by the Baldwin Circuit Court. We affirm.
I.
In July 2005, Wolf Bay Partners, L.L.C., executed a promissory note with Wachovia Bank in the original principal amount of $2,550,000. That note was secured by a mortgage on two parcels of property in Baldwin County and guaranteed by each of the appellants, as well as by GDG Properties, LLC, David W. Mobley, and George *1255 D. Gordon (hereinafter referred to collectively with the appellants as “the defendants”)- By written agreement of the parties, the amount of the indebtedness was subsequently increased to $2,938,718. Wa-chovia Bank thereafter assigned its interest in the note and mortgage to RCH Mortgage Fund IV, LLC.
Wolf Bay Partners subsequently defaulted on its payment obligations under the terms of the promissory note, and RCH Mortgage Fund IV accordingly commenced foreclosure proceedings on the property secured by the mortgage. On April 14, 2009, RCH, a newly created affiliate of RCH Mortgage Fund IV, purchased the property at a foreclosure sale for $2,000,000, and RCH Mortgage Fund IV thereafter assigned RCH all of its rights under the loan. In June 2009, RCH sued the defendants, seeking to recover $1,046,572 allegedly still due on the promissory note, plus interest accruing at a rate of $305.25 per day, after the proceeds of the foreclosure sale were applied to the debt.
A bench trial was held, at which the defendants challenged ■ the evidence put forth by RCH indicating that the foreclosed-upon mortgage had been properly assigned to RCH Mortgage Fund IV by Wachovia Bank. The defendants also argued that it was improper for RCH Mortgage Fund IV to sell the foreclosed property as a single unit instead of as two separate parcels and that RCH Mortgage Fund IV accepted an allegedly unconscionably low purchase price at the foreclosure sale. The trial court ultimately excluded the evidence put forth by RCH indicating that the mortgage had been assigned to RCH Mortgage Fund IV and set aside.the foreclosure and sale because, for all that appeared, the wrong party — RCH Mortgage Fund IV as opposed to Wachovia Bank — had conducted the foreclosure and sale. The- trial court made no ruling on the defendants’ other arguments because its finding that RCH Mortgage Fund IV was the wrong party to conduct the foreclosure and sale made doing so unnecessary. RCH appealed the trial court’s judgment to this Court, and, on August 12, 2011, in RCH IV-WB, LLC v. Wolf Bay Partners, L.L.C., 78 So.3d 395, 399 (Ala.2011), we held that RCH’s evidence of mortgage assignment should have been considered by the trial court. Accordingly, we “reverse[d] the trial court’s judgment and remand[ed] the case for proceedings consistent with [our] opinion.” Id.
It appears that, following our remand, a status conference'was held on December 19, 2011; however, the record contains no transcription of that hearing. On January 6, 2012, RCH filed a post-remand brief with the trial court, arguing that, in light of this Court’s decision in RCH LV-WB, there was nothing for the trial court to do but confirm the amount of the final judgment to be entered in favor of RCH. RCH further argued that the arguments made by the defendants in their pleadings and at the bench trial that RCH Mortgage Fund IV had acted improperly 1) by selling the foreclosed property as a single unit instead of as separate parcels and 2) by accepting an allegedly unconscionably low purchase price were unsupported by Alabama law.
RCH’s January 6 brief was served on all the defendants; however, none of them filed a response. Two months later, on March 5, 2012, the trial court entered its final judgment in favor of RCH, stating:
“This case is on remand from the Alabama Supreme Court.
“On the evidence presented, the court finds that the sale of the 2 distinct properties en masse impaired the ability of the debtor(s) to redeem the property because debtor was unable to redeem *1256 one property without redeeming both properties.
“However, both properties were encumbered under one mortgage. That mortgage included an independent clause that provided the mortgagee with the sole discretion to sell all encumbered property either as an entirety or in separate parcels. The mortgagee chose to sell in one parcel.
“Judgment for the plaintiff and against the defendants in the amount of $1,046,572.31, plus interest of $303,723.75.”
On April 4, 2012, Hackel and Yarbrough moved the trial court to alter, amend, or vacate its judgment pursuant to Rule 59(e), Ala. R. Civ. P., and also asked the trial court for leave to submit a response to RCH’s January 6 brief and to stay execution of the judgment. On June 12, 2012, the trial court denied that motion, and, on July 24, 2012, the appellants filed their notice of appeal to this Court.
II.
The trial court originally entered a judgment following a bench trial; that judgment was reversed on appeal, and, on remand, the trial court entered a new judgment. The ore tenus standard of review generally applies to judgments entered following a bench trial. See, e.g., Board of Sch. Comm’rs of Mobile Cnty. v. Weaver, 99 So.3d 1210, 1216 (Ala.2012) (“Because the trial court heard ore tenus evidence during the bench trial, the ore tenus standard of review applies.”). However, in this appeal, the relevant facts are undisputed, and the appellants’ argument raises only a question of law. We review questions of law de novo. Ruttenberg v. Friedman, 97 So.3d 114, 134 (Ala.2012) (“Although the ore tenus standard of review is applicable here, because this issue presents a question of law and does not concern a disputed issue of fact, our review is de novo.”).
III.
Before we consider the merits of the appellants’ arguments, we first consider RCH’s argument that this appeal is untimely and should therefore be dismissed. When RCH initiated this action by filing a complaint in June 2009, the case was docketed as case number CV-2009-900753.00 (emphasis added). Following this Court’s opinion reversing the trial court’s judgment and remanding the case for further proceedings, the trial court apparently assigned the case a new suffix, CV-2009-900753.50 (emphasis added). Nevertheless, when RCH filed its post-remand brief on January 6, 2012, it was stamped as being filed in case number CV-2009-900753.00.
On April 4, 2012 — 30 days after the entry of the trial court’s March 5, 2012, judgment in favor of RCH — Hackel and Yarbrough filed a motion asking the trial court to alter, amend, or vacate its judgment pursuant to Rule 59(e). That motion, however, was filed in ease number CV-2009-900753.00. The next day, April 5, 2012, Hackel and Yarbrough refiled their Rule 59(e) motion in case number CV-2009-900753.80. RCH now argues that that April 5 motion was untimely because a motion to alter, amend, or vacate a judgment must be filed “not later than thirty (30) days after entry of the judgment,” and Hackel and Yarbrough’s April 5 motion was filed in case number CV-2009-900753.80 on the 31st day after the judgment was entered. Rule 59(e). Accordingly, RCH argues, that untimely Rule 59(e) motion did not toll the 42-day period for filing a notice of appeal, and the notice of appeal filed by the appellants on July 24, 2012 — 141 days after the trial court’s March 5 judgment — was untimely, thus *1257 making it necessary for this Court to dismiss the appeal. See Miller Props., LLC v. Green, 958 So.2d 850, 851-52 (Ala.2006) (holding that an untimely postjudgment motion does not toll the time for filing a notice of appeal and that this Court has no jurisdiction over an untimely filed appeal).
We agree with RCH that the motion filed on April 5, had it been the only Rule 59(e) motion filed, was untimely and insufficient to toll the time for filing a notice of appeal. However, we recognize and give effect to the motion filed on April 4. Following remand, this case proceeded under a new docket number, CV-2009-900753.80 as opposed to CV-2009-900758.00. However, the record reveals that, post-remand, parties on both sides nevertheless continued to make filings under the original docket number — CV-2009-900753.00. For all that appears, those filings were considered by the trial court, which has also granted the appellants’ motion to supplement the record in CV-2009-900753.80 to include the April 4 motion filed in CV-2009-900753.00. On the basis of all these facts, we consider the appellants’ appeal to be timely filed because the April 4 motion tolled the time for filing the notice of appeal.
The timeliness of the appeal having been established, we must next consider the merits of the appeal. The appellants’ only argument on appeal is that the trial court violated established rules of procedure and fundamental notions of due process by entering a judgment following this Court’s remand without holding a new trial. We begin by noting Ex parte Edwards, 727 So.2d 792, 794 (Ala.1998), in which we stated:
“ ‘ “It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court. No judgment other than that directed or permitted by the reviewing court may be entered.... The appellate court’s decision is final as to all matters before it, becomes the law of the case, and must be executed according to the mandate, without granting a new trial or taking additional evidence
(Quoting Ex parte Alabama Power Co., 431 So.2d 151, 155 (Ala.1983), quoting in turn 5 Am.Jur.2d Appeal & Error § 991 (1962).) In RCH IV-WB, we closed by stating: “[W]e reverse the trial court’s judgment and remand the case for proceedings consistent with this opinion.” 78 So.3d at 399. We did not state, as did the Court of Civil Appeals in Matthews Bros. Construction Co. v. Stonebrook Development, L.L.C., 854 So.2d 573, 583 (Ala.Civ.App.2001), when it reversed a judgment entered following a bench trial, that “the judgment of the trial court is reversed, and the cause remanded for a new trial.” Thus, the trial court did not ignore any specific instructions from this Court to conduct a new trial, and, upon further review, its actions following remand were consistent with both our opinion in RCH IV-WB and principles of due process.
“The hallmarks of procedural due process are notice and ‘the opportunity to be heard “at a meaningful time and in a meaningful manner.” ’ ” Alabama Republican Party v. McGinley, 893 So.2d 337, 344 (Ala.2004) (quoting Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), quoting in turn Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)). There is no allegation in this case that the appellants were not given proper notice of the first bench trial and/or an opportunity to fully argue their case at that trial. Although the trial court deemed it unnecessary to rule on any arguments made by *1258 the defendants at the bench trial other than the mortgage-assignment issue, it is evident from the record in RCH IV-WB that other arguments were fully presented and argued, including the arguments that it was improper for RCH Mortgage Fund IV to sell the foreclosed property as a single unit instead of as separate parcels and that RCH Mortgage Fund IV accepted an allegedly unconscionably low purchase price at the foreclosure sale. See Henderson v. Henderson, 73 So.3d 1282, 1284 n. 3 (Ala.Civ.App.2011) (stating that the Court of Civil Appeals “would take judicial notice of the records in the previous proceedings involving these parties to the extent that they pertained to the issues involved in this appeal”). In fact, in the brief Copelan, Hackel, and Yarbrough filed in RCH IV-WB, they expressly adopted the statement of facts set forth by Gordon and GDG Properties in their brief, in which they acknowledged ' that evidence was offered at the bench trial “as to the insufficiency of the sales price at the foreclosure sale and that the property should have been sold in parcels, instead of en masse.” Brief of Gordon and GDG Properties in RCH IV-WB, p. 14.
Moreover, not only were the appellants given a full opportunity to argue their case at the bench trial, they also had ample opportunity to argue their case post-remand. Notably, this is not a case where the trial court entered a judgment immediately following our remand; rather, approximately three and one-half months went by after this Court issued its certifí-cate of judgment in RCH IV-WB before the trial court held a status conference. Some three weeks later, RCH filed and served upon the appellants its post-remand brief. However, for all that appears, the appellants did nothing during this time, a course of action they maintained for another two months until the trial court entered its judgment. After one more month elapsed, the appellants finally submitted their first post-remand filing, a Rule 59(e) motion to alter, amend, or vacate the judgment the trial court entered on remand. Under this set of facts, we cannot agree that the trial court in any way denied the appellants due process by entering its post-remand judgment and thereafter denying the appellants’ Rule 59 motion. The appellants had over six months to file a post-remand brief or motion; however, they took no action in that regal'd. “The fact that [the appellants] did not avail [themselves] of this opportunity [to argue their case] does not show that [they were] not given the opportunity.” Dillard v. Southern States Ford, Inc., 541 So.2d 483, 485 (Ala.1989).
We further note that the caselaw submitted by the appellants in support of them argument is inapplicable. In both Ex parte Plumbline Construction, Inc., 992 So.2d 746 (Ala.Civ.App.2008), and Coker v. Farmers Mutual Exchange, 425 So.2d 489 (Ala.Civ.App.1983), the Court of Civil Appeals reversed the judgments of the trial courts after trials were conducted without providing the notice required by Rule 40, Ala. R. Civ. P. In this case, however, there is no allegation that the bench trial was conducted in violation of Rule 40; rather, the appellants desire a new trial on remand. As explained supra, however, a new trial was not required by either our opinion reversing the judgment and remanding the case or by principles of due process.
IV.
RCH sued the appellants seeking a deficiency balance owed after a foreclosure sale. Following a full bench trial on the issues, the trial- court entered a judgment in favor of the appellants; however, this Court subsequently reversed that judgment in RCH IV-WB and remanded the *1259 case. Approximately six months after the case was remanded to it, the trial court entered a new judgment in favor of RCH. For the reasons set forth herein, that judgment is hereby affirmed.
AFFIRMED.
MOORE, C.J., and PARKER, MURDOCK, and WISE, JJ., concur.